Howell, J.
I concur in the decree in this case, on the ground only'-' that it is not shown, as alleged, to have been the duty of the plaintiff, as surveyor, to furnisli the information for which ho is claiming payment. Under the 33d section of the city charter, the common council may havq. *276 required this duty oí him, in his official capacity. And besides this, by sections 113, lié and 116 of the charter, it was the duty of the common council to have a book of plans, with a proper general index of every tract, square and lot of ground in the city, made and deposited in the office of the surveyor, whose 'duty it would then be to transcribe, daily, from the register of conveyances into said book, all changes of ownership which may take place of such property; which would make the surveyor the depositary of the information, of which the public authorities seemed to be unaccountably ignorant, and which they have obtained in the manner disclosed in the record.
Under the pleadings and evidence, I can urge no judicial reason why the contract thus made by the agents of the public should not be enforced, whatever may be its merits.
I concur with Mr. Justice Howell, in the opinion above stated.
James G. Tadiaeebbo, Associate Justice Supreme Court.